UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIPPER WONSILD TANKERS HOLDING A/S, et al.,

                            Plaintiffs,

    -v-

BIODIESEL VENTURES, LLC, et al.,

                            Defendants.

No. 09 Civ. 9092 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/10

RICHARD J. SULLIVAN, District Judge:

       The parties appeared before the Court for a status conference on June 1, 2010, at which time the Court adopted the parties' Rule 26(f) discovery plan. That document is attached to this Order.

       As stated on the record, the discovery plan is modified to provide that (1) the parties shall contact Judge Francis to schedule a settlement conference by September 15, 2010; (2) any party contemplating a dispositive motion shall submit a pre-motion letter consistent with my individual practices by January 31, 2011; and (3) the parties shall appear for a status conference on February 14, 2011, at 9:30 a.m.

SO ORDERED.

Dated:     June 1, 2010
              New York, New York

                                                  RICHARD J. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CLIPPER WONSILD TANKERS              :
HOLDING A/S and KYLIE SHIPPING       :
COMPANY LTD.                         :
                Plaintiffs,          :
                                     :     09 CV 9092 (DC)
       - against -                   :     ECF CASE
                                     :
BIODIESEL VENTURES, LLC,             :
FULCRUM POWER SERVICES Lp, and       :
NATIONAL BIOFUELS Lp                 :
                                     :
                Defendant.           :
-----------------------------------------------------X
```

## PARTIES' PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A. The case is not to be tried by jury.

B. Joinder of additional parties must be accomplished by June 1, 2010.

C. Amended pleadings may not be filed without leave of Court.

D. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1. <u>Initial Disclosures.</u> Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be served on or before April 15, 2010.

    2. <u>Documents.</u> First request for production of documents, if any, must be served by April 21, 2010. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 7 below.

    3. <u>Interrogatories.</u> Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by April 21, 2010. No other interrogatories are permitted except upon prior express permission of Judge Chin. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

4. **Experts.** Every party-proponent of a claim (including any counterclaim, cross-claim or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by October 15, 2010. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by November 15, 2010. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures expect upon prior express permission of the Court, application for which must be made no later than 10 days after the date specific in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

5. **Depositions.** All depositions (including any expert depositions, see item 4 above) must be completed by January 15, 2011. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1). Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

6. **Requests to Admit.** Requests to Admit, if any, must be served by August 15, 2010.

7. All discovery is to be completed by January 30, 2011. Interim deadlines for items 1-6 above may be extended by the parties on consent without application to the Court, provided that parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E. Post-discovery summary judgment motions require a pre-motion conference as set forth in the Court's Individual Rules of Practice. A request for such pre-motion conference must be filed no later than one week following the close-of-discovery date (item D-7 above) and provided that the moving papers are served by February 15, 2011 answering papers by March 15, 2011 and reply papers by March 30, 2011. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be set by the Court. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.  All motions and applications shall be governed by Judge Chin's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

Dated: March 19, 2010

The Plaintiffs,
CLIPPER WONSILD TANKERS
HOLDING A/S and KYLIE SHIPPING
COMPANY LTD.

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

FULCRUM POWER SERVICES LP.

By: _____
Judith A. Archer, Esq.
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103-3198
T: 212 318 3342
F: 212 318 3400
jarcher@fulbright.com

3